IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-583-GCM-DCK

| | |
|---|---|
| CAROLYN SISTAR CARPENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment" (Document No. 7) and "Defendant's Motion For Summary Judgment" (Document No. 10). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary Judgment" be denied; that "Defendant's Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I.  BACKGROUND

Plaintiff Carolyn Sistar Carpenter ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On November 12, 2009, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et seq*.,

---

[1] Carolyn W. Colvin is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

alleging an inability to work due to a disabling condition beginning January 7, 2009. (Transcript of the Record of Proceedings ("Tr.") 10). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on February 19, 2010, and again after reconsideration on May 28, 2010. (Tr. 10). In its "Notice of Reconsideration" the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. We realize that your condition keeps you from doing some types of work, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 59).

Plaintiff filed a timely written request for a hearing on July 8, 2010. (Tr. 10, 68-69). On December 14, 2010, Plaintiff appeared and testified at a hearing before Administrative Law Judge Scott C. Shimer ("ALJ"). (Tr. 10, 23-51). In addition, J. Douglas Brooks, a vocational expert ("VE"), testified at the hearing via telephone. Id. Harry B. Crow, Jr., counsel for Plaintiff, also appeared at the hearing. Id.

The ALJ issued an unfavorable decision on January 4, 2011, denying Plaintiff's claim. (Tr. 7-9). Plaintiff filed a request for review of the ALJ's decision on December 31, 2011, and by notice dated July 18, 2012, the Appeals Council denied Plaintiff's request for further administrative review. (Tr. 1-5). The Appeals Council stated that it had "considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 1-2). The January 4, 2011 ALJ decision thus

became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on September 7, 2012. (Document No. 1). On September 10, 2012, the undersigned was assigned to this case as the referral magistrate judge. "Plaintiff's Motion For Summary Judgment" (Document No. 7) and "Memorandum In Support Of Plaintiff's Motion For Summary Judgment" (Document No. 7) were filed January 14, 2013; and "Defendant's Motion For Summary Judgment" (Document No. 10) and "Defendant's Memorandum In Support Of Affirmance" (Document No. 11) were filed April 11, 2013. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is appropriate.

## II.   STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III.  DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between January 7, 2009, and the date of his decision.[2] (Tr. 10, 85). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from January 7, 2009, through the date of his decision, January 4, 2011. (Tr. 19).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr.10, 18-19).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since January 7, 2009, her alleged disability onset date. (Tr. 12). At the second step, the ALJ found that Plaintiff's fibromyalgia, migraines, restless legs syndrome, and adjustment disorder with depressed mood, were severe impairments. (Tr. 12).[3] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 12).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

> Able to walk approximately 200 feet at a time and stand for 1-2 hours at a time. She is restricted from pushing/pulling with her lower extremities. The claimant is restricted from climbing ladders, ropes, and scaffolding. She is also restricted from working at unprotected heights or around dangerous moving machinery. Any changes in the workplace should be infrequent and gradual. The claimant is further restricted to simple, routine, repetitive tasks.

(Tr. 13).

In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. § 404.1529 and SSRs 96-4p and 96-7p." (Tr. 13-14). The ALJ further opined that "he considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." Id.

At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work as an office manager, OTC manager, shipping clerk, and store manager. (Tr. 17). At the fifth and final step, the ALJ concluded based on the testimony of a vocational expert and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 17-19). Specifically, the vocational expert testified that according to the factors given by the ALJ, occupations claimant could perform included cashier, assembler of small parts, and mail room clerk. (Tr. 18, 48-49). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between November 11, 2009, and the date of his decision, January 4, 2011. (Tr. 19).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ's finding was inconsistent with examining medical opinions; (2) the ALJ did not adequately

consider the side effects of Plaintiff's medications; and (3) the Social Security Administration Appeals Council failed to properly considered new evidence provided after the ALJ's decision. (Document No. 7, p.9-14). The undersigned will discuss each of these contentions in turn.

### A. Medical Opinions

In her first assignment of error, Plaintiff disputes the ALJ's determination that Plaintiff has the residual functional capacity to perform light work with additional limitations. (Document No. 7, p.10). First, Plaintiff specifically argues that "even with the stated limitations," the ALJ's determination giving the medical opinions of Russell Hancock, PhD, and Dr. George Mills "little weight is inconsistent with the evidence of record". (Document No. 7, p.10-12).

Regarding the ALJ's review of Dr. Hancock's evaluation, the ALJ states:

> The claimant admitted at the hearing that she is not being treated by any mental health professional. She further admitted that her treating physician had not recommended any mental health treatment. In addition, the records from the claimant's treating physician do not indicate any problems with comprehension and understanding. This is inconsistent with the severity of findings of Dr. Hancock…. Dr. Hancock's opinion is given **little weight**, as it is inconsistent with the other evidence of record."

(Tr. 16) (emphasis added); see also, (Tr. 34, 207).

As to Dr. Mills' evaluation, the ALJ opined:

> The claimant reported pain everywhere, which she described as 8/10 most of the time. Doctor Mills stated that the claimant's progress is downhill slightly and without treatment, she would be in a bad situation. Doctor Mills' opinion is given **little weight**. His opinion appears to be **based largely on the subjective complaints**, they are found to not be entirely credible.

(Tr. 16) (emphasis added); see also, (Tr. 40, 205).

The Fourth Circuit has held that "subjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by claimant." Craig, v. Chater 76 F.3d 585, 594 (4th Cir. 1996); see also, Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005); 20 C.F.R. § 303.1529 (2005); 42 U.S.C. § 423(d)(5)(a) (stating that "an individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment… which could reasonably be expected to produce the pain or other symptoms alleged").

Here, the undersigned finds that the ALJ adequately reviewed the record and explained in his decision that he was affording "little weight" to Dr. Mills' opinion because his opinion was "based largely on the subjective complaints." (Tr. 16, 39). Additionally, the ALJ cited evidence that Dr. Hancock's opinion was based on factors that were inconsistent with the objective medical evidence of the record. (Tr. 16); see Hays, 907 F.2d at 1456 (finding that it is the duty of the Commissioner, not the courts to make findings of fact and to resolve conflicts in the evidence); see also Lester, 638 F.2d at 841 (finding that as long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome). The undersigned finds substantial evidence supports the ALJ's evaluation of the inconsistencies in the record, and the ALJ's decision to afford "little weight" to Dr. Hancock and Dr. Mills' opinions.

The undersigned is also persuaded that substantial evidence supports the ALJ's finding that Plaintiff was not credible based on the inconsistencies between the medical opinions of Dr.

8

Hancock and Dr. Mills, the record, and the testimony given at the hearing. (Tr. 16). When an ALJ diverges from medical expert opinions based on credibility, the ALJ's decision must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. The court is "empowered to review the ALJ's decisions for substantial evidence, and find that substantial evidence supports the ALJ's credibility assessment." Johnson, 434 F.3d at 658 (citing Craig, 76 F.3d at 594 ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on . . . the ALJ."))

The ALJ analyzed the inconsistencies between Dr. Hancock's opinion and Plaintiff's testimony as follows:

> Doctor Russell Hancock opined, that the claimant's allegation that she is unable to work, seems legitimate given that her comprehension and understanding of duties seemed impaired. He noted that the claimant seemed confused when questioned if she could manage finances and take care of herself. However, the other evidence of record does not support this level of severity. The claimant admitted at the hearing that she is not being treated by any mental health professional. She further admitted that her treating physician had not recommended any mental health treatment. In addition, the records from the claimant's treating physician do not indicate any problems with comprehension and understanding. This is inconsistent with the severity of the findings of Dr. Hancock. The undersigned notes that the claimant reported to Dr. Hancock that she does not drive; however, the claimant testified at the hearing that she does drive a couple of times per week to the grocery store or convenience store. This shows a certain degree of concentration. The claimant's ability to help care for young grandchildren, as well as take them shopping with her, also show a greater ability to comprehend and understand than that opined by Dr. Hancock. As a result, Dr. Hancock's opinion is given little weight, as it is inconsistent with the other evidence of record.

(Tr. 16); see also, (Tr. 33-34, 37, 39, 207-209).

9

Regarding inconsistencies between Dr. Mills' evaluation and Plaintiff's testimony the ALJ explains:

> His opinion (Dr. Mills) appears to be based largely on the subjective complaints, they are found to not be entirely credible. The claimant reported to Dr. Mills that she cannot lift over 10 pounds or stand for more than five minutes. She also stated that she cannot walk more than 50 feet. However, the claimant testified at the hearing that she could lift 10-20 pounds. She testified that she could stand for a few hours. She also testified that she walked from the parking lot to the hearing room. Further, the claimant's testimony that she goes shopping, is inconsistent with the limitations she reported to Dr. Mills.

(Tr. 16); see also, (Tr. 38-39, 203-205).

While Plaintiff disagrees as to the degree of inconsistency between Plaintiff's testimony, Dr. Hancock's opinion and Dr. Mills' opinion, the undersigned finds that "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on…the ALJ." Craig, 76 F.3d at 594 (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). Therefore, in light of the undersigned's review of the ALJ's credibility analysis, the undersigned finds the ALJ adequately reviewed the case record and provided substantial evidence supporting his decision.

**B. Consideration of Side Effects**

In her next assignment of error, Plaintiff alleges that the ALJ failed to consider the side effects of Plaintiff's medication in the ALJ's decision. (Document No. 7, p.12). Specifically, Plaintiff alleges that Defendant did not provide substantial support to reject Dr. Mills' evaluation, Plaintiff's testimony, and the conclusions "of the consulting psychologist and consulting medical doctor" regarding the side effects of Plaintiff's medications. (Document No. 7, p.12-13).

Defendant argues that the ALJ considered the treatment records and Plaintiff's testimony regarding the side effects when making his ultimate decision. (Document No. 11, p.8-9). Moreover, Defendant responds that the ALJ properly evaluated the credibility of Plaintiff's subjective complaints, as permitted by 20 C.F.R. § 404.1529(c), when he reviewed "the medical findings in the record, the opinions of medical sources, her treatment history and medications and her activities." (Document No. 11, p.9); 20 C.F.R. § 404.1529(c). The ALJ explains that "whenever statements about intensity, persistence, or functionally limiting effects of pain or **other symptoms** are not substantiated by objective medical evidence, the undersigned must make a finding on the credibility of the statements based on consideration of the entire case record." (Tr. 14) (emphasis added).

In addition to the ALJ's review of other symptoms to determine Plaintiff's credibility, the ALJ specifically acknowledges in his decision that the "Lyrica made her drowsy." (Tr. 14). Also, throughout Step 5 of the ALJ's analysis, the ALJ references various medications that Plaintiff had taken and was presently taking. (Tr. 14-15). Contrary to the Plaintiff's assertions, the undersigned observes that the ALJ's decision directly references Plaintiff's medications and certain side effects, and the decision specifically explains the ALJ's reasons for discrediting Plaintiff's subjective symptoms. (Tr. 14-17).

As discussed above, the Court is "empowered to review the ALJ's decisions for substantial evidence, and find that substantial evidence supports the ALJ's credibility assessment." Johnson, 434 F.3d at 658. "Subjective claims of pain must be supported by objective medical evidence." Craig, 76 F.3d at 594. The ALJ must review the intensity and persistence of the claimant's symptoms and the functional impact of those symptoms on her ability to work. 20 C.F.R. § 404.1529(a). The undersigned finds the ALJ relied on substantial

evidence supporting his decision that Plaintiff is not entirely credible; and the ALJ adequately considered Plaintiff's subjective side effects in his overall analysis.

### C. New Evidence

In Plaintiff's final assignment of error, she contends that the Appeals Council erred when it did not review the ALJ's decision after new evidence was submitted. Plaintiff argues that the new evidence offered was inconsistent with the ALJ's January 4, 2011 decision. (Document No. 7, p.12). In August 2011, more than six months after the ALJ's decision, Dr. Hutchings completed an assessment and wrote an opinion letter regarding Ms. Carpenter's functional capacity. Plaintiff submitted that assessment to the Appeals Council as part of her request for review. (Tr.1-3, 262-263). Plaintiff fails to specify any inconsistency or cite any authority requiring the Appeals Council to review the ALJ's decision. However, the language in the letter most pertinent to Plaintiff's functional capacity, and a potential inconsistency, is as follows:

> It is my professional medical opinion that the above medical problems make it impossible for her to complete a productive eight hour work day in the absence of moderate to severe pain. Any job requiring moderate to heavy lifting, repetitive fine micro-motor movements, prolonged sitting and or standing, as well as repetitive bending and stooping will exacerbate her above medical problems.

(Tr. 262).

The Appeals Council's Notice stated that it "considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 1-2). Defendant argues that the record in this case substantially supports the ALJ's RFC determination and already "takes some of these limitations into account." (Document No. 11, p.6). Additionally, Defendant argues that the letter did not state that

"plaintiff could not do sedentary to light work, but rather opined that moderate to heavy lifting, repetitive, fine, micro motor movements, prolonged sitting and standing and repetitive stooping and bending would worsen her problem." Id.; (Tr. 262).

In accordance with 42 U.S.C. § 405(g), when new evidence is presented, a court may remand the Commissioner's decision if: 1) the evidence is new; 2) the plaintiff shows good cause for failure to present evidence into the record in a prior proceeding; 3) the evidence is material; and 4) the evidence is likely to cause a different result. 42 U.S.C. § 405(g); Wilkins v. Secretary, Dept. of Health and Human Services, 925 F.2d 769 (4th Cir. 1991). The undersigned does not contest Plaintiff's fulfillment of prongs one and two; however, the undersigned is not convinced that the new evidence is material and is likely to cause a different result.

More importantly, "the [Commissioner's] regulations do not require the Appeals Council to articulate its rationale for denying a request for review. Only if the Appeals Council grants a request for review and issues its own decision on the merits is the Appeals Council required to make findings of fact and explain its reasoning." Meyer v. Astrue, 662 F.3d 700, 705-706 (4th Cir. 2011); see also 20 C.F.R. §§ 404.979, 404.1527(f)(3). Indeed, where the Court considers new evidence submitted to the Appeals Council and finds that the record substantially supports the ALJ's decision despite that new evidence, the Court should uphold the Commissioner's determination even absent any express analysis of the new evidence by the Appeals Council. Meyer, F.3d at 706-707. Here, the Appeals Council stated that it did not find the information to "provide a basis for changing the Administrative Law Judge's decision." (Tr. 2).

The Appeals Council's decision to deny review after receiving Dr. Hutchings' letter was not inconsistent with the record as a whole. The undersigned finds the Appeals Council's denial

13

neither conflicts with Dr. Hutchings' letter nor provides new material evidence that is likely to result in a different finding.

## IV.  CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision.  <u>Perales</u>, 402 U.S. at 401;  <u>Johnson</u>, 434 F.3d at 653.  As such, the undersigned will recommend that the Commissioner's decision be <u>affirmed</u>.

## V.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Summary Judgment" (Document No. 7) be **DENIED**;  "Defendant's Motion For Summary Judgment"  (Document No. 10) be **GRANTED**;  and the Commissioner's determination be **AFFIRMED**.

## VI.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court.  <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  <u>Diamond</u>, 416 F.3d at 316;  <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003);

Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: June 25, 2013

David C. Keesler
United States Magistrate Judge